[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-14365

_____

JOHN PEEBLES,
ALLISON PEEBLES,

                                    Plaintiffs-Appellants,

versus

THE TERMINIX INTERNATIONAL COMPANY, LP,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cv-01089-JB-N

_____

Before WILSON, LAGOA, and ED CARNES, Circuit Judges.

LAGOA, Circuit Judge:

John and Allison Peebles (collectively, "Peebles") appeal the district court's order vacating an arbitrator's award of attorneys' fees and litigation expenses. After careful review, and with the benefit of oral argument, we reverse the district court's decision.

## I.    FACTUAL AND PROCEDURAL HISTORY

On December 30, 2016, Peebles initiated arbitration against The Terminix International Company, Inc. ("Terminix") by filing a demand for arbitration. Peebles alleged various causes of action in connection with Terminix's failure to protect their home from termite damage. The arbitration agreement attached to the demand for arbitration was a 2014 arbitration agreement.

Pursuant to the 2014 arbitration provision, "[a]ny claim, dispute or controversy, regarding any contract, tort, statute, or otherwise ('Claim'), arising out of or relating to this agreement or the relationships among the parties" was subject to binding arbitration. The 2014 arbitration provision did not prohibit an award of attorneys' fees or litigation expenses.

On December 11, 2019, after a two-week arbitration hearing, the arbitrator found that Terminix failed to perform its obligations, and that Terminix's conduct warranted an award of punitive damages. Based on these findings, the arbitrator awarded Peebles $883,281 in compensatory damages, including $45,000 for litigation

20-14365                Opinion of the Court                3

expenses, and $883,281 in punitive damages—*i.e.*, a one-to-one ratio of compensatory damages to punitive damages. The arbitrator also awarded Peebles $397,476 in attorneys' fees.

Peebles immediately sought to confirm the arbitration award in the U.S. District Court for the Southern District of Alabama. Peebles attached the arbitration award and their demand for arbitration, including the 2014 arbitration agreement, to their petition to confirm the arbitration award. In response, Terminix moved to vacate the arbitrator's award of attorneys' fees and litigation expenses. In support of its motion to vacate, Terminix filed a 2010 arbitration agreement between the parties, which provided that "[e]ach party shall be responsible for paying its own attorneys' fees, costs and expenses." There was no evidence, however, in the record suggesting that the 2010 arbitration provision was ever presented to the arbitrator during the arbitration proceedings.

On September 14, 2020, the district court vacated the arbitrator's award of attorneys' fees and litigation expenses. Specifically, the district court found that the arbitrator lacked authority to award attorneys' fees and litigation expenses pursuant to the 2010 arbitration agreement.[1]

---

[1] The district court also deducted $45,000 from the punitive damages award—an amount equivalent to the $45,000 deduction to the compensatory damages award for litigation expenses—to maintain the arbitrator's one-to-one ratio between compensatory and punitive damages. Because we reverse the district court's decision vacating the arbitrator's award, we do not need to determine

Peebles moved to vacate the district court's order under Fed. R. Civ. P. 59(e) and 60(b) and argued that the district court erred in relying on the 2010 arbitration provision as opposed to the 2014 arbitration provision, which was the only arbitration provision included in their demand for arbitration. The district court denied that motion, and Peebles timely appealed.

## II.    STANDARD OF REVIEW

When reviewing a district court's order vacating an arbitration award, we review the district court's findings of fact for clear error and its legal conclusions *de novo. Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1298-99 (11th Cir. 2015). A district court's determination that an arbitrator exceeded his authority is "a legal determination that we review *de novo.*" *Gherardi v. Citigroup Glob. Mkts. Inc.*, 975 F.3d 1232, 1236 (11th Cir. 2020).

## III.    ANALYSIS

Under the Federal Arbitration Act ("FAA"), "federal courts have limited authority to vacate or modify an arbitration award." *Id.* Federal courts can only vacate an arbitration award in the "very unusual circumstances" described in the statute. *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). "There is a presumption under the FAA that arbitration awards will be confirmed, and 'federal courts should defer to an arbitrator's

---

whether the district court erred by reducing the punitive damages award *sua sponte.*

decision whenever possible.'" *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) (quoting *B.L. Harbert Int'l, LLC* v. *Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006)).

Here, the district court vacated the arbitration award under 9 U.S.C. § 10(a)(4) after finding that the arbitrator's award of attorneys' fees and litigation expenses was not authorized by the terms of the arbitration provision submitted to the district court by Terminix in its motion to vacate. "Following Supreme Court precedent, we have interpreted § 10(a)(4)'s language . . . very narrowly." *Gherardi*, 975 F.3d at 1237. Vacatur under § 10(a)(4) "is permitted only when an arbitrator 'strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice.'" *Id.* (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

The 2014 arbitration provision—the only arbitration provision before the arbitrator—granted the arbitrator broad authority to resolve all disputes between Peebles and Terminix and did not prohibit the arbitrator from awarding attorneys' fees and litigation expenses. Moreover, Peebles sought an award of attorneys' fees and litigation costs within their demand for arbitration, and the availability of such an award was extensively litigated throughout arbitration. Therefore, "the arbitrator did not exceed his authority or award upon a matter not submitted to him." *Frazier*, 604 F.3d at 1321. Indeed, "the legal merits of the dispute were the arbitrators' concern, not the district court's or ours," this is "[b]ecause the arbitrators' decision was an interpretation of the contract, rather

6                    Opinion of the Court                    20-14365

than an expansion of the arbitrable issues, it stands on appeal." *See Gherardi*, 975 F.3d at 1239.

Because the district court clearly erred in relying on the 2010 arbitration provision—a provision not before the arbitrator or at issue in the arbitration—we reverse the district court's order vacating parts of the arbitrator's award, and on remand, the arbitrator's award in favor of the Peebles shall be reinstated in full.

**REVERSED AND REMANDED.**